UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AQUAVITA INTERNATIONAL S.A.          :

                Plaintiff,          :          08 CV 153

- against -                                    :          ECF CASE

STX PANOCEAN CO., LTD.                 :

                Defendant.         :
------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                     ) ss: SOUTHPORT
County of Fairfield    )

Claurisse Campanale Orozco, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### THE DEFENDANT IS NOT WITHIN THIS DISTRICT

2.    I have attempted to locate the Defendant, STX PANOCEAN CO., LTD., within this District. As part of my investigation to locate the Defendant within this District, I checked the telephone company information directory all area codes within the District, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find a listing for the Defendant. I also checked the New York State Department of Corporations' online database which showed no listing or registration for the Defendant. I was also unable to

find any information to indicate that the Defendant has a general or managing agent within the District.

3.   I did locate an entity that has an office and place of business in Rutherford, New Jersey that operates under the name of Panobulk America Inc that allegedly manages STX Panocean's affairs in North America.

4.   There is no information that I have found, however, that indicates that Panobulk is an alter ego or a/k/a of STX Panocean Co., Ltd. such that would render STX Panocean Co., Ltd. present within this District.

5.   I further located an entity that is a foreign corporation registered to do business in the State of New Jersey that operates under the name of STX Panocean (America) Inc.

6.   There is no information that I have found, however, that indicates that STX Panocean (America) Inc. is an alter ego or a/k/a of STX Panocean Co., Ltd., such that the Defendant STX Panocean Co., Ltd. would be present within this District.

7.   I submit, therefore, that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

8.   Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within the District subject to the jurisdiction of this Court.

PRAYER FOR RELIEF FOR AN ORDER ALLOWING SPECIAL PROCESS SERVER

9.   Plaintiff seeks an Order, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, appointing Thomas L. Tisdale, Claurisse Campanale-Orozco, Lauren C. Davies, or any other partner, associate, paralegal or agent of Tisdale Law Offices, to serve the Verified Complaint, Process of Maritime Attachment and Garnishment, Interrogatories or other process in

this action upon the garnishee(s), including any amended pleadings or process that may issue in this case, who, based upon information and belief may hold assets of, for or on account of the Defendant.

10. Plaintiff seeks this Order to serve the Process of Maritime Attachment and Garnishment will deliberate speed in order to fully protect itself against the potential of being unable to satisfy any judgment or award obtained by Plaintiff against Defendant.

11. To the extent that Plaintiff's Application for an Order appointing a special process server does not involve the restraint of physical property, service does not need to be effected by the Marshal's Office. Service sought to be carried out by Plaintiff is the delivery of the Process of Maritime Attachment and Garnishment to the various garnishees identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

12. Plaintiff further requests that this Court grant it leave to serve any additional garnishee(s) who may, upon information and belief, obtained in the course of this litigation, to be holding or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishee(s) will allow for prompt service of the Writ of Maritime Attachment and Garnishment without the need to present to the Court amended Process to add future identified garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

13. Plaintiff also respectfully requests that the Court grant it leave, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial in personam service.

14. This is Plaintiff's first request for this relief made to any Court.

Dated: January 8, 2008
      Southport, CT

                                            Claurisse Campanale-Orozco

Sworn and subscribed to before me
this  8th  day of January 2008.

_____
Notary Public

-4-